Floyd vs. Abney.

---

JAMES B. FLOYD, ADM'R, *vs.* JAMES M. ABNEY AND OTHERS.

The Supreme Court has no power, under the Constitution, to award new trials for errors of fact in the verdicts of juries. Its authority, in granting new trials, is limited to cases where there are errors of law in the decisions and rulings of the Judge.

BEFORE GLOVÉR, J., AT EDGEFIELD, SPRING TERM, 1868.

The report of the presiding Judge is as follows:

"The cause of action was a single bill, dated 2d April, 1857, for $1,173.12, payable December 5th, after date, with interest thereon from date, and a credit endorsed of $200, dated January 9th, 1860.

"James M. Abney, the defendant, swore that the consideration of the note was for negroes, and some hogs bought at the sale of intestate's estate, and that over $1,100 were given for the slaves, (one woman and two children.)

"They were diseased, and were sold as unsound, and he bought them as unsound, and at a low rate. When emancipated, the woman had three children. The jury found a verdict of $23.25 for the plaintiff."

The plaintiff appealed, and now moved this Court to set aside the verdict of the jury, and for a new trial, on the grounds:

*First.* Because no reduction should have been made on account of the unsoundness of the slaves, for which a large portion of the note sued on in this case was given, as they were sold at public auction as unsound, and the defendant purchased them at a very reduced price on that account, as he stated on the stand himself.

*Second.* Because the fact that these slaves were set free by the Government was not sufficient to warrant the jury in striking out of said note the price of said slaves, as the plaintiff's warranty of title, which is only an implied one, does not extend to acts of Government.

*Third.* Because the verdict of the jury is contrary to law, and not sustained by the evidence.

*Jones,* for appellant.

*Wright,* contra.

April 30, 1869. The opinion of the Court was delivered by

WILLARD, A. J. The grounds of appeal set forth only exceptions to the verdict, and none to the decisions or rulings of the Judge before whom the case was tried. This Court, in the *State* vs. *Bailey,* (Ante., p. 1,) decided that it had no authority under the Constitution to grant new trials, except for errors of law in the decisions and rulings of the Circuit Judge. That decision disposes of the present case.

The appeal will be dismissed.

*Moses,* C. J., concurred.